INTERNATIONAL SUPPLY CORP., Appellant, *v.* HAROLD LIFTON, Respondent.

Supreme Court, Appellate Term, First Department, November 15, 1944.

*Nathan Weidenbaum* for appellant.

*Louis Jacobus* for respondent.

EDER, J. Plaintiff sued to recover the sum of $366.35 for goods sold and delivered. The defendant answered by way of pleading a general denial and a special plea of setoff and counterclaim in the sum of $500, representing an alleged loan made to plaintiff's sales manager, one Schleser, and which amount it was claimed plaintiff agreed defendant could deduct from any invoices owing from defendant to plaintiff, the sum which should be deducted being left to defendant's discretion; that defendant deducted the said sum of $366.35, leaving a balance of $133.65, which defendant claimed to be due from plaintiff and for which judgment was demanded. The court so found in favor of defendant and awarded judgment accordingly. The arrangement referred to is in the form of a letter from the plaintiff to the defendant.

In the brief of the respondent it is stated, without challenge by appellant, that plaintiff is a domestic corporation of which one Field, an attorney, is president and sole stockholder, that said Schleser was its sales manager and that he was convicted of the crime of larceny and needed money with which to make restitution and that plaintiff induced defendant to loan said Schleser the sum of five hundred dollars towards making restitution and executed to defendant said letter as an instrument of reimbursement, upon which the defendant relied and acted, and thereupon parted with said sum of five hundred dollars.

There is no dispute that Field acted for and on behalf of the plaintiff corporation, but the plaintiff takes the position that the said instrument of reimbursement, in effect a guarantee, was " *ultra vires* " and hence the instrument was unenforcible; that, therefore, the counterclaim should have been dismissed and judgment should have been awarded to the plaintiff.

The pleadings were formal, written ones.

Upon this appeal the appellant sets forth six claims of alleged error, but only two of them are basic in character, viz., (1) *ultra vires* and (2) that the action was prematurely brought, as far as the counterclaim is concerned. If the basic claims fall, the others are of no moment.

At the outset it is to be noted that neither *ultra vires* nor prematurity of suit were interposed as defenses to the counterclaim, either by formal written pleading or by the interposition of such a defense at the trial. Indeed, as to the defense of prematurity of suit nothing was said at all about it at the trial;

it was not presented by way of defense, and hence cannot be here considered for the first time on appeal.

Even as to the point of *ultra vires,* no such defense was interposed by way of plea; there is simply a legal contention advanced, of that nature, as a general principle of law, "that a guarantee by a corporation is absolutely *ultra vires.*" If the point made by appellant with respect to *ultra vires* falls, there is nothing of substance that remains.

The appellant argues that plaintiff may set up *ultra vires* as a plea or defense to the setoff and counterclaim irrespective of the fact that plaintiff has not served any formal reply to the counterclaim and relies on section 87 of the New York City Municipal Court Code in that regard. This provision is entitled "*Reply to counterclaim or affirmative defense*" and provides: "A reply to a counterclaim or an affirmative defense is not necessary; but the court may order a written reply, verified or unverified, at any time before judgment. When no reply is filed, the allegations of the counterclaim or affirmative defense shall be deemed denied, except as otherwise provided in this act."

It seems perfectly clear from the language of this provision that the omission to serve a formal reply to a counterclaim results in no admission, but has the effect, nonetheless, of *denying* the allegations of the *counterclaim,* as much so as if they were formally denied in a written pleading, the necessity of serving which is dispensed with in the Municipal Court. That provision is effective only insofar as the plaintiff elects to stand solely upon a general denial to defeat the counterclaim; in that event "the allegations of the counterclaim" are "deemed denied." The defendant is thus apprised of the ground upon which plaintiff will contest the counterclaim and seek its dismissal and may prepare himself accordingly.

When something more than a mere general denial is to be relied upon to defeat the counterclaim, i.e., new matter which, if not formally set forth, would be likely to take the defendant by surprise, it must be specifically set forth in the pleading.

If the appellant's contention is upheld, it would result that at the trial the plaintiff could, without ado, and without in any manner prior to trial apprising the defendant, proceed to introduce new matter, by way of defense, to defeat the counterclaim, taking the defendant wholly by surprise.

The content of a reply to a counterclaim is not limited to a mere general or specific denial of the allegations of the counterclaim; "it may set forth new matter * * * constituting a

defense to the counterclaim '' (Civ. Prac. Act, § 272), but when it goes beyond the mere denial stage and seeks reliance on new matter as constituting a defense, then the new matter thus relied on must be expressly pleaded; the *new* matter is not '' deemed '' to have been set forth; it must be actually set forth and incorporated in the reply itself. By such requirement, surprise and undue advantage are prevented. The Legislature has taken due cognizance of this situation and has made express provision therefor in section 242 of the Civil Practice Act entitled '' *Certain facts to be pleaded* '' and providing: '' The defendant or plaintiff, as the case may be, shall raise by his pleading all matters which show the action or counterclaim not to be maintainable, or that the transaction is either void or voidable in point of law, and all such grounds of defense or reply, as the case may be, which if not raised would be likely to take the opposite party by surprise or would raise issues of fact not arising out of the preceding pleading, as, for instance, fraud, statute of limitations, release, payment, facts showing illegality either by statute, common law or statute of frauds. The application of this section shall not be confined to the instances enumerated.''

An *ultra vires* act is voidable, not necessarily void, depending upon particular facts; such a plea is new matter and must be raised by an affirmative defense; it cannot be shown under a plea of a mere general denial (*Gordon Malting Co.* v. *Bartels Brewing Co.*, 206 N. Y. 528, 538), unless by statute or rule it is permitted. Nothing appears in section 87 of the New York City Municipal Court Code which authorizes a departure from the established and recognized procedure requiring such a defense to be pleaded as an affirmative one; the only departure therein authorized is to the limited extent only of dispensing with service of a formal reply pleading where its contents would consist only of denials; no more than this is granted by said section 87. Once something more than a mere denial is relied on it necessitates service of a formal pleading embodying the new matter relied on as a defense (Civ. Prac. Act, § 242).

Therefore, the reliance by appellant on section 87 to justify failure or omission to formally plead *ultra vires* as a defense, by written pleading, or by motion at the trial, is due to a misconception of the extent to which section 87 is applicable. As the case thus stood, there was, under section 87, only a general denial pleaded to the counterclaim, which was, concededly, untrue, if *ultra vires* was not presented as a defense.

Section 87 has received but scant consideration; on the concrete proposition here involved it has received none other than an unreported construction by the Appellate Term, Second Department, in *Gregory* v. *Gregory* (unpublished memorandum decision, January, 1927, Term, p. 5), where it is said with regard to section 87 that any defense to a counterclaim may, under section 87, be relied on, without it being formally pleaded or requiring the service of a formal reply. This view appears to be directly at variance with section 242 of the Civil Practice Act, and, seemingly, that section was not there considered for no reference is made to that provision at all in the *Gregory* case.

Moreover, nothing is to be found in section 87 of the New York City Municipal Court Code which indicates a legislative intent to nullify the existing law governing the necessity of formally pleading defenses consisting of new matter. The qualification in section 87 is significant — "except as otherwise provided in this act." Nowhere is it "otherwise provided" in the New York City Municipal Court Code that where no formal reply pleading is served an *affirmative defense* may be interposed to a *counterclaim* without it being formally pleaded.

Section 87 was enacted in 1915 (ch. 279); the amendment of 1929 (ch. 554) merely added the phrase "or affirmative defense," which amendment has no bearing on the subject matter under discussion. Even if section 87 may be said to authorize the consideration on the trial of unpleaded affirmative defenses, it has been superseded by the later enactment of section 242 of the Civil Practice Act (L. 1920, ch. 925), which specifically requires new matter to be pleaded as a defense. Section 15 of the New York City Municipal Court Code entitled "*Conformity to supreme court practice*" provides: "Except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding."

Nothing is "otherwise provided" in the New York City Municipal Court Code which does away with the existing need, under the established practice, to formally plead affirmative defenses to a counterclaim, or which dispenses with this requirement of Supreme Court practice (Civ. Prac. Act, §§ 242, 272) and the rules of pleading and practice prevailing in the Supreme

Court therefore apply. (N. Y. City Mun. Ct. Code, § 15; L. 1915, ch. 279.)

Assuming, *arguendo,* that the defense of *ultra vires* was specifically pleaded, I do not see that it would aid plaintiff. For one thing, no evidence was introduced to support this plea; there is but a mere statement of counsel to the effect that the guarantee sued on was *ultra vires* because it was not executed for the benefit of the corporation and was therefore unenforcible, and the assertion in the appellant's brief that it was not an instrument executed in the regular course of the corporation's business. These are legal contentions, but there is not an iota of proof concerning them; the officers of the plaintiff did not testify; the certificate of incorporation was not put in evidence to show the powers and limitations of the corporation, nor were the minutes or by-laws produced. Nothing whatever of an evidentiary nature was shown to sustain this claim that the execution of this instrument was an *ultra vires* act. The mere assertion of counsel is not evidence.

The plaintiff is a one-man corporation; its president is the sole owner of all its stock; he it was who, on behalf of the corporation, executed the instrument which forms the basis of the setoff and counterclaim; it is held that, in such circumstances, a one-man corporation cannot defend an action against the corporation on the ground that it was beyond the power of such person to bind the corporation by such instrument. (*Rafter v. Fox Publishing Co.,* 206 App. Div. 389.)

For the foregoing reasons it is my opinion that the appeal is lacking in merit. The judgment should be affirmed, with twenty-five dollars costs.

McLAUGHLIN and HECHT, JJ., concur in result.

Judgment affirmed.